UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS A. ARROYO, | ) | NO. CV 20-6135-E |
| Petitioner, | ) ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND |
| WARDEN GEORGE JAIME, | ) ) | ORDER DENYING PETITION FOR |
| Respondent. | ) | WRIT OF HABEAS CORPUS |

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on July 9, 2020. Respondent filed a "Motion to Dismiss etc." on October 30, 2020. Petitioner filed a Reply and a Traverse on November 18, 2020. Petitioner and Respondent have consented to proceed before a United States Magistrate Judge.

///
///
///
///

**BACKGROUND**

Pursuant to a guilty plea in Ventura County Superior Court, Petitioner received a twelve year prison sentence on June 15, 2017 (Petition at 2). Petitioner's appellate counsel filed a "Wende brief" on direct appeal (id.; Lodged Document 1). The California Court of Appeal dismissed Petitioner's direct appeal on March 26, 2018 (Petition at 3; Lodged Document 1). Petitioner asserts that he did not receive notice of this dismissal until May 22, 2018 ("Declaration of Luis Avila Arroyo," dated December 3, 2019 (attached to Petition)).

Petitioner did not file a petition for review (see Lodged Document 1).[1] Petitioner did not file any application for state collateral review until December 9, 2019, when he reportedly filed a habeas corpus petition in the Court of Appeal (Petition at 3-4). Subsequently, Petitioner also filed a habeas corpus petition in the California Supreme Court (Petition at 4; Lodged Document 2).

In the present federal Petition, Petitioner alleges three claims: (1) the Court of Appeal should have remanded the matter under newly enacted Senate Bill 620 to allow the sentencing court to exercise its discretion to strike Petitioner's ten year sentence enhancement; (2) appellate counsel was ineffective for failing to request such a

---

[1] The Court takes judicial notice of the docket of the California Supreme Court, available at www.courts.ca.gov. See Porter v. Ollison, 620 F.3d 952, 954-55 n.1 (9th Cir. 2001). The docket reflects that Petitioner never filed a petition for review in that Court.

remand;[2] and (3) appellate counsel's representation of Petitioner was so deficient as to violate Petitioner's due process rights.

**DISCUSSION**

As discussed below, the applicable statute of limitations bars the present Petition.

**I. The Statute**

The "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), signed into law April 24, 1996, amended 28 U.S.C. section 2244 to provide a one-year statute of limitations governing habeas petitions filed by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

///

---

[2] During the direct appeal, Petitioner evidently had urged his appellate counsel to raise the Senate Bill 620 issue with the Court of Appeal. See May 22, 2018 letter attached to Petition.

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).

**II. Accrual**

The California Court of Appeal's March 26, 2018 dismissal of Petitioner's direct appeal became "final in that court" on April 25,

4

2018. See Cal. Ct. R. 8.366(b)(1)(Court of Appeal decision in criminal case is "final in that court 30 days after filing"). However, Petitioner's conviction did not become "final" for purposes of the federal statute of limitations until May 5, 2020. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (if the petitioner did not pursue discretionary review in the state's highest court on direct appeal, the conviction becomes "final" for statute of limitations purposes when the time for seeking such review expired); Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002), abrogation on other grounds recognized in Moreno v. Harrison, 245 Fed. App'x 606 (9th Cir 2007), cert. denied, 552 U.S. 1121 (2008) (if a California petitioner does not file a petition for review on direct appeal, the conviction becomes "final" for purposes of the statute of limitations when the time for filing a petition for review expired); Cal. Ct. R. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court"). Therefore, the statute of limitations commenced running from May 5, 2018, unless subsections B, C or D of section 2244(d)(1) provide a later accrual date.

Subsection B does not provide a later accrual date. To warrant delayed accrual under subsection B, Petitioner must show that illegal conduct by the state or those acting for the state "made it impossible for him to file a timely § 2254 petition in federal court." See Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009). Petitioner must show a causal connection between the impediment and his failure to file a timely federal petition. See Bryant v. Arizona Atty. General, 499 F.3d 1056, 1059-60 (9th Cir. 2007) (citations omitted). Petitioner "must satisfy a far higher bar than that for equitable

5

tolling." Ramirez v. Yates, 571 F.3d at 1000. Petitioner is entitled to delayed accrual under subsection B only if the alleged impediment "altogether prevented him from presenting his claims in any form, to any court." Id. at 1001 (emphasis original; citation omitted). In the present case, no illegal state action prevented Petitioner from filing the present Petition sooner.

Contrary to Petitioner's apparent argument, the purported actions or omissions of Petitioner's appellate counsel are not attributable to the state under subsection B. See Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), aff'd on other grounds, 549 U.S. 327 (2007) (rejecting argument that the state created an impediment by providing incompetent counsel; "[t]his is not the type of State impediment envisioned in § 2244(d)(1)(B)"); Ibarra v. Ground, 2012 WL 3259898, at *3 (C.D. Cal. July 9, 2012), adopted, 2012 WL 3257883 (C.D. Cal. Aug. 8, 2012) ("the actions of petitioner's appellate counsel cannot be imputed to the state for purposes of extending the limitations period under § 2244(d)(1)(B)") (citations omitted); Lopez v. On Habeas Corpus, 2010 WL 2991689, at *4 (E.D. Cal. July 29, 2010) (even a state-appointed attorney cannot create an "impediment" "by State action" within the meaning of section 2244(d)(1)(B)). In any event, Petitioner has not shown that his counsel's alleged failures prevented Petitioner from filing a federal habeas petition. See Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir.), cert. denied, 562 U.S. 969 (2010) (state-appointed counsel's alleged failure to perfect state court appeal did not merit delayed accrual under section 2244(d)(1)(B), where nothing prevented the petitioner from filing a federal habeas petition); Bryant v. Arizona Att'y General, 499 F.3d at

6

1060 (petitioner must show causal connection between alleged impediment and failure to file timely federal petition).

Subsection C also fails to provide a later accrual date. The Petition does not assert any "constitutional right" "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See Dodd v. United States, 545 U.S. 353, 360 (2005) (construing identical language in section 2255 as expressing "clear" congressional intent that delayed accrual inapplicable unless the United States Supreme Court itself has made the new rule retroactive); Tyler v. Cain, 533 U.S. 656, 664-68 (2001) (for purposes of second or successive motions under 28 U.S.C. section 2255, a new rule is made retroactive to cases on collateral review only if the Supreme Court itself holds the new rule to be retroactive); Peterson v. Cain, 302 F.3d 508, 511-15 (5th Cir. 2002), cert. denied, 537 U.S. 1118 (2003) (applying anti-retroactivity principles of Teague v. Lane, 489 U.S. 288 (1989), to analysis of delayed accrual rule contained in 28 U.S.C. section 2244(d)(1)(C)).

Subsection D arguably does provide an accrual date slightly later than May 5, 2018, because Petitioner asserts he was unaware of the Court of Appeal's adverse decision on direct appeal until May 22, 2018. See Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001) (statute began to run after the petitioner discovered prejudice from counsel's allegedly ineffective performance). Assuming, arguendo, no lack of diligence on the part of Petitioner in failing to discover the factual predicates for his claims sooner, the statute began to run on
///

all of Petitioner's claims from May 22, 2018.[3]

The Motion to Dismiss mentions People v. Stamps, 9 Cal.5th 685, 263 Cal. Rptr. 3d 144, 464 P.3d 611 (2020), a recent California Supreme Court decision arguably helpful to Petitioner's legal claims. As the Motion to Dismiss correctly explains, however, the recency of this decision does not affect the limitations analysis. Under subsection D, the "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir.), cert. denied, 568 U.S. 1053 (2012); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Thus, the running of the statute of limitations does not await the issuance of judicial decisions that help would-be petitioners recognize the legal significance of particular predicate facts. See Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005), cert. denied, 546 U.S. 1171 (2006) (intervening state court decision establishing abstract proposition of law arguably helpful to petitioner does not constitute a "factual predicate" under section 2244(d)(1)(D)); Soja v. Hornbeck, 2010 WL 3118716, at *2 (N.D. Cal. Aug. 2, 2010) ("a favorable legal decision cannot function as a factual predicate" under section 2244(d)(1)(D)); Singer v. Dir. of Corrections, 2010 WL

---

[3] The Court uses the date of May 22, 2018 based on Petitioner's December 3, 2019 declaration. The Court observes, however, that a letter from Petitioner's appellate counsel to Petitioner also bears the date of May 22, 2018. Even if this letter constituted Petitioner's first notice of the dismissal of his direct appeal, and even if Petitioner did not receive the letter until a few days (or weeks) after its date, the result herein would be the same.

1444479, at *3 (C.D. Cal. March 4, 2010), adopted, 2010 WL 1444475 (C.D. Cal. April 2, 2010) (same); Sledge v. Dexter, 2009 WL 838235, at *3 (C.D. Cal. March 26, 2009) (same).

Accordingly, the statute of limitations began to run from May 22, 2018. Absent tolling, the statute expired on May 22, 2019, long before the filing of the present Petition. See Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (AEDPA statute of limitations expires on the anniversary date of the date the statute begins to run). As discussed below, no theory of tolling can rescue the present Petition from the bar of limitations.

**III. Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review." The statute of limitations is not tolled between the conviction's finality and the filing of Petitioner's first state court habeas petition. See Porter v. Ollison, 620 F.3d at 958; Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000).

Petitioner did not file his first state court habeas petition until December 9, 2019, many months after the statute of limitations expired. Petitioner's belatedly filed state court petitions cannot revive or otherwise toll the statute. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) ("section 2244(d) does not permit the reinitiation of the limitations period

that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003) (filing of state habeas petition "well after the AEDPA statute of limitations ended" does not affect the limitations bar); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), cert. denied, 531 U.S. 991 (2000) ("[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Therefore, Petitioner is not entitled to statutory tolling.

**IV. Equitable Tolling**

The federal statute of limitations is subject to equitable tolling "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (citations omitted). "[A] 'petitioner' is entitled to 'equitable tolling' only if he shows '(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); accord Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755-56 (2016); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). The second prong of this test "is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond [his] control." Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. at 756 (footnote omitted) (applying Holland v. Florida).

The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." Waldron-Ramsey v.

1  Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 558 U.S. 897
2  (2009) (citations and internal quotations omitted).  Petitioner bears
3  the burden to prove equitable tolling.  See Zepeda v. Walker, 581 F.3d
4  1013, 1019 (9th Cir. 2009).  Petitioner must show that the alleged
5  "extraordinary circumstances" were the "cause of his untimeliness."
6  Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 549
7  U.S. 1317 (2007) (brackets in original; quoting Spitsyn v. Moore, 345
8  F.3d 796, 799 (9th Cir. 2003)).

10      No basis for the equitable tolling of any time period subsequent
11 to May 22, 2018 appears on the present record.  To the extent
12 Petitioner contends that he was ignorant of the law, without access to
13 legal assistance and/or without resources, such allegations are
14 insufficient to justify equitable tolling.  See Chaffer v. Prosper,
15 592 F.3d 1046 (9th Cir. 2010) (pro se status and lack of access to
16 jailhouse assistants are insufficient to warrant equitable tolling);
17 Waldron-Ramsey v. Pacholke, 556 F.3d at 1013 n.4 ("we have held that a
18 pro se petitioner's confusion or ignorance of the law is not, itself,
19 a circumstance warranting equitable tolling") (citation omitted);
20 Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se
21 petitioner's lack of legal sophistication is not, by itself, an
22 extraordinary circumstance warranting equitable tolling"); Turner v.
23 Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007
24 (1999) ("[N]either a plaintiff's unfamiliarity with the legal process
25 nor his lack of representation during the applicable filing period
26 merits equitable tolling. . . .  It is irrelevant whether the
27 unfamiliarity is due to illiteracy or any other reason"); Loza v.
28 Soto, 2014 WL 1271204, at *6 (C.D. Cal. Mar. 26, 2014) ("To allow

equitable tolling based on the fact that most prisoners do not have legal knowledge or training would create a loophole that would negate the intent and effect of the AEDPA limitation period."); Jimenez v. Hartley, 2010 WL 5598521, at *5 (C.D. Cal. Dec. 6, 2010), adopted, 2011 WL 164536 (C.D. Cal. Jan. 13, 2011) (allegations that petitioner was uneducated, illiterate and indigent deemed insufficient); see also Bermudez v. Lewis, 58 Fed. App'x 268, 269 (9th Cir. 2003) (even if the petitioner were "illiterate, indigent [and] ignorant of the law," these problems "would not constitute extraordinary circumstances preventing timely filing").

Moreover, Petitioner has failed to show the requisite diligence to justify equitable tolling. See Gibbs v. LeGrand, 767 F.3d 879, 893 (9th Cir. 2014), cert. denied, 575 U.S. 946 (2015). Accordingly, equitable tolling is unavailable to Petitioner.

**V. Equitable Exception for Actual Innocence**

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). However, "tenable actual-innocence gateway pleas are rare." McQuiggin v. Perkins, 569 U.S. at 386. The Court must apply the standards for gateway actual innocence claims set forth in Schlup v. Delo, 513 U.S. 298 (1995) ("Schlup"). See McQuiggin v. Perkins, 569 U.S. at 386. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that,

12

in light of the new evidence, no juror [or other trier of fact], acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup, 513 U.S. at 329).

In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324; see also Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003), cert. denied, 541 U.S. 998 (2004) (holding that "habeas petitioners may pass Schlup's test by offering 'newly presented' evidence of actual innocence"); Shumway v. Payne, 223 F.3d 982, 990 (9th Cir. 2000) ("[A] claim of actual innocence must be based on reliable evidence not presented at trial.").

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); Calderon v. Thompson, 523 U.S. 538, 559 (1998); Muth v. Fondren, 676 F.3d 815, 819, 822 (9th Cir.), cert. denied, 568 U.S. 894 (2012). "The evidence of innocence 'must be so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Lee v. Lampert, 653 F.3d at 937-38 (quoting Schlup, 513 U.S. at 316). The court must consider "'all the evidence, old and new, incriminating and exculpatory,' admissible at trial or not." Lee v. Lampert, 653 F.3d at 938 (quoting House v. Bell, 547 U.S. 518, 538 (2006). The court must make a "probabilistic determination about what

reasonable, properly instructed jurors would do." Id. (quoting House v. Bell, 547 U.S. at 538).

Petitioner has produced no evidence, much less new evidence, to demonstrate his alleged actual innocence of the matters as to which he pled guilty. In any event, Petitioner's guilty plea tends to refute any claim of actual innocence. See Johnson v. Medina, 547 Fed. App'x 880, 885 (9th Cir. 2013) (petitioner's plea "simply undermine[d]" his claim of actual innocence); Chestang v. Sisto, 522 Fed. App'x 389, 390 (9th Cir.), cert. denied, 571 U.S. 1012 (2013) (petitioner's plea "seriously undermine[d]" his claim of actual innocence); Stonebarger v. Williams, 458 Fed. App'x 627, 629 (9th Cir. 2011), cert. denied, 566 U.S. 927 (2012) (denying certificate of appealability on claim of actual innocence, where no reasonable juror would deem petitioner to be actually innocent in light of his confession, his guilty plea and the lack of any facts inconsistent with guilt); People v. McNabb, 228 Cal. App. 3d 462, 470-71, 279 Cal. Rptr. 11 (1991) ("the issue of guilt or innocence is waived by a guilty plea").[4]

Therefore, Petitioner is not entitled to an actual innocence equitable exception to the statute of limitations. The petition is untimely.

///
///

---

[4] In Smith v. Baldwin, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) (en banc), cert. denied, 555 U.S. 830 (2008), the Ninth Circuit flagged but declined to decide the issue of when, if ever, an "actual innocence" gateway claim can be available to a petitioner who has pled guilty or no contest.

**ORDER**

The Petition is denied and dismissed with prejudice.

LET JUDGMENT BE ISSUED ACCORDINGLY.

DATED: November 24, 2020.

                                                /S/
                            CHARLES F. EICK
                 UNITED STATES MAGISTRATE JUDGE